IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KHURRAM JANJUA              *
                            *
    Plaintiff               *
                            *
v.                          *
                            *
COOPER TIRE & RUBBER        *
COMPANY, et al.             *
                            *
    Defendant/Third-Party   *    Civil Action No. WMN-12-2652
    Plaintiff               *
                            *
v.                          *
                            *
ABDUL RAHMAN, et al.        *
                            *
    Third-Party Defendants  *
                            *
                            *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

Before the Court is Third-Party Defendants' Motion to Dismiss Third-Party Plaintiff's Complaint. ECF No. 31. The motion is ripe. Upon a review of the pleadings and the applicable law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion will be denied.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Khurram Janjua, filed suit against Cooper Tire & Rubber Company (Cooper Tire) bringing claims for product liability, breach of warranty, and breach of implied warranty of

merchantability.[1]  ECF No. 2.  The action arises from an automobile accident that occurred on August 25, 2009, which Plaintiff alleges caused him to suffer serious injuries.  At the time of the accident, Plaintiff was traveling in Illinois with Abdul Rahman.  Rahman was driving a Dodge Caravan that was owned by his sister-in-law, Bushra Rana, who resides in Virginia.  Plaintiff alleges that the tread from the left rear tire separated from the rest of the tire causing the vehicle to crash.  Compl. ¶ 6.  The tire is alleged to have been manufactured by Defendant Cooper Tire.

On January 9, 2013, Cooper Tire filed a Third-Party Complaint against Rahman and Rana (collectively "Third-Party Defendants") for indemnity and contribution in the event that Cooper Tire is found liable to Plaintiff.  ECF No. 20.  Cooper Tire argues that if judgment is rendered in favor of Plaintiff, then its liability was proximately caused by Rahman's negligence in operating the vehicle and/or Bushra's negligence in maintaining and servicing the vehicle.  On March 28, 2013, Third-Party Defendants filed an Answer to the Third-Party Complaint in which they denied liability.  ECF No. 28.  They now move to dismiss the Third Party Complaint for lack of personal jurisdiction.  ECF No. 31.

---

[1] The Complaint was filed on August 7, 2012, in the Circuit Court for Baltimore City, Maryland. The case was removed to this Court on September 5, 2012, based on diversity jurisdiction.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a party to assert the defense for lack of personal jurisdiction in the responsive pleading, if one is required, or by motion. "When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." Carefirst of Md., Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003). If the trial court, however, decides the issue without an evidentiary hearing, then "the plaintiff need only make a prima facie showing of personal jurisdiction." Id. "In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993).

## III. DISCUSSION

"A federal court sitting in diversity has personal jurisdiction over a non-resident defendant if (1) an applicable state 'long-arm' statute confers jurisdiction and (2) the assertion of that jurisdiction comports with the constitutional requirement of due process." Nichols v. G.D. Searle & Co., 991

3

F.2d 1195, 1199 (4th Cir. 1993). The Court of Appeals of Maryland has consistently held that Maryland's long arm statute[2] is "coextensive with the limits of personal jurisdiction set by the due process clause of the Federal Constitution." Beyond Sys., Inc. v. Realtime Gaming Holding Co., LLC, 878 A.2d 567, 576 (Md. 2005). Thus, the statutory and constitutional inquiry merges into one. Carefirst of Md., 334 F.3d at 396. Personal jurisdiction flows from the Due Process Clause to protect "individual liberty interest" and thus, as an individual right, this defense can be waived. Ins. Corp. of Ireland, Ltd. V. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

---

[2] Md. Code Ann., Cts. & Jud. Proc. § 6-103(b) states a court may exercise personal jurisdiction over a person, who directly or by an agent:
  (1) Transacts any business or performs any character of work or service in the State;
  (2) Contracts to supply goods, food, services, or manufactured products in the State;
  (3) Causes tortious injury in the State by act or omission in the State;
  (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services or manufactured produces used or consumed in the State;
  (5) Has an interest in, uses, or possess real property in the State; or
  (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

In their Motion to Dismiss, Third-Party Defendants argue that this Court lacks personal jurisdiction over them because Rahman and Rana do not have sufficient minimum contacts with Maryland. See Kortobi v. Kass, 978 A.2d 247, 257 (Md. 2009) (holding that "the defendant must maintain sufficient minimum contacts with the forum such that the exercise of jurisdiction meets the 'general test of essential fairness'") (citing Miserandino v. Resort Props., Inc., 691 A.2d 208, 211 (1997)). In opposition to the motion, Cooper Tire argues that Rahman and Rana have waived this defense by failing to raise it in their original answer to the complaint.

Under Federal Rule of Civil Procedure 12(h)(1)(B), personal jurisdiction is waived when a party fails to include this defense in an earlier motion according to Rule 12(g)(2) or fails to "include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Third-Party Defendants, however, filed an Amended Answer on April 12, 2013, asserting their personal jurisdiction defense, which was served within 21 days of the Original Answer. ECF No. 29, at 3. Accordingly, the Amended Answer complied with Rule 15(a)(1) which provides "a party may amend its pleading once as a matter of course within 21 days after serving it." Thus, Third-Party Defendants have not waived their personal jurisdiction defense under Rule 12(h)(1)(B).

Cooper Tire also argues that Rahman has waived his objection to personal jurisdiction by his involvement in a previous suit before this Court, where he was a defendant in an action brought by Janjua.  Janjua v. Rahman, Civ. No. WMN-11-2272.  In an attempt to support its argument, Cooper Tire relies on a Fourth Circuit case, Maybin v. Northside Corr. Ctr., which held that when a party appears before the court and presents a meritorious defense, but fails to object to lack of personal jurisdiction, then the defense is waived. 891 F.2d 72, 74-75 (4th Cir. 1989).  Notwithstanding the factual differences of this case and Maybin, the Fourth Circuit did not hold that a party may waive his personal jurisdiction defense by appearing in a previous suit that was before the same court as the current action.  Id.  Furthermore, Rahman did not appear in the previous action that Cooper Tire references because the action was voluntarily dismissed by Janjua before Rahman filed an answer or otherwise responded to the complaint.  Civ. No. WMN-11-2272, ECF No. 5.

In addition to these waiver arguments, Cooper Tire suggests that it is entitled to some discovery before the Court resolves the jurisdictional issue.  In support of their motion, Third-Party Defendants present affidavits, which state that neither Rahman nor Rana reside in Maryland.  Cooper Tire, however, argues that these affidavits do not address Rahman or Rana's

relationship with Janjua during the time of the automobile accident and Third-Party Defendants may have been in a "mutually-beneficial joint venture" with Janjua at the time of the incident. ECF No. 32 at 5. Thus, Cooper Tire requests that the Court reserve on its ruling on the Motion to Dismiss to allow them an opportunity to conduct discovery.[3] Third-Party Defendants did not reply to the opposition and thus, have not opposed Cooper Tire's request for discovery.

"The federal courts in construing their discovery rules have consistently held that when a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion before any ruling is made on the motion." Androutsos v. Fairfax Hosp., 594 A.2d 574, 576 (Md. 1991). A court may grant jurisdictional discovery to a party when the pleadings present factual allegations that could establish the requisite contacts with Maryland. Mylan, 2 F.3d at 64; see also Vogel v. Boddie-Noell Enters., Inc., No. 11-0515, 2011 WL 3665022, at *3 (D. Md. Aug. 18, 2011) (reserving on defendant's Motion to Dismiss for lack of personal jurisdiction in order to allow the parties to conduct discovery). When the record is incomplete but the

---

[3] Cooper Tire notes in its Opposition Response that Third-Party Defendants responded to its interrogatory and production requests on the date that its response was due.

pleadings contain allegations demonstrating the possibility that a defendant may satisfy the minimum contacts requirement, the trial court should allow the plaintiff an opportunity for discovery before deciding the motion. <u>Vogel</u> at *3. District courts have broad discretion in deciding discovery matters and under the Federal Rules of Civil Procedure, discovery is "freely permitted." <u>Mylan</u>, 2 F.3d at 64. Accordingly, the Court will allow discovery to determine whether Third-Party Defendants are subject to personal jurisdiction.

## IV. CONCLUSION

For the above-stated reasons, the Court will deny the Motion to Dismiss, without prejudice, and will allow the parties an opportunity to conduct jurisdictional discovery. A separate order will issue.

                                      _____/s/_____
                                      William M. Nickerson
                                      Senior United States District Judge

DATED: July 17, 2013