```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

KHURRAM JANJUA                  *
                                *
Plaintiff                       *
                                *
v.                              *
                                *
COOPER TIRE & RUBBER            *
COMPANY, et al.                 *
                                *
Defendant/Third-Party           *   Civil Action No. WMN-12-2652
Plaintiff                       *
                                *
v.                              *
                                *
ABDUL RAHMAN, et al.            *
                                *
Third-Party Defendants          *
                                *
                                *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**<u>MEMORANDUM</u>**

Before the Court is a Renewed Motion to Dismiss Third-Party Plaintiff's Complaint, brought by Third-Party Defendants, Abdul Rahman and Bushra Rana. ECF No. 44. Third-Party Plaintiff, Cooper Tire & Rubber Company ("Cooper Tire"), has opposed the motion. ECF No. 46. This Court previously denied a motion to dismiss by Third-Party Defendants in favor of Cooper Tire in order to permit complete jurisdictional discovery. Upon consideration and review of the pleadings, facts, and applicable law, the Court concludes that no hearing is necessary, Local Rule 105.6, and Third-Party Defendants' motion will be granted.

## I. **Factual and Procedural Background**

In 2012, Plaintiff Khurrum Janjua sued Cooper Tire for its alleged role in an accident that occurred in Illinois in 2009.[1] Plaintiff was one of several passengers traveling east from Illinois in a Dodge Caravan driven by Third-Party Defendant Abdul Rahman when the van flipped over, resulting in serious injuries to Plaintiff.  Plaintiff advances that the accident occurred as the result of the separation of the tread of one of the van's tires.  Compl. ¶ 6.  Rahman had borrowed the car from his relative, Third-Party Defendant Bushra Rana, who had purchased, maintained, and serviced the car in Virginia prior to the incident.  Plaintiff claims that Cooper Tire is responsible for manufacturing the allegedly defective tire that caused the accident.  Compl. ¶ 6.

Cooper Tire filed a Third-Party Complaint against Rahman and Rana (collectively referred to as "Third-Party Defendants") for indemnity and contribution in the event that Cooper Tire is held liable to Plaintiff.  ECF No. 20.  Cooper Tire denies all liability and asserts that if judgment is rendered in favor of Plaintiff, then the accident was proximately caused by Rahman's negligence in operating and inspecting the vehicle and/or Rana's

---

[1] The Complaint was filed on August 7, 2012, in the Circuit Court for Baltimore City, Maryland.  The case was removed to this Court on September 5, 2012, based on diversity jurisdiction.

negligence in maintaining and servicing the vehicle.  Id.  In response, Third-Party Defendants filed an answer, ECF No. 28, and a Motion to Dismiss for lack of personal jurisdiction.  ECF No. 31.  On July 17, 2013, the motion was denied to permit jurisdictional discovery.  ECF Nos. 38, 39.  Following full jurisdictional discovery, Third-Party Defendants now move again to dismiss the Third-Party Complaint for lack of personal jurisdiction.  ECF No. 44.

## II.  Legal Standard

A party may include a defense of improper personal jurisdiction in a responsive pleading, as permitted under Federal Rules of Civil Procedure 12(b)(2).  Once a personal jurisdiction defense is made, it is "resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence."  Carefirst of Md., Inc. v. Carefirst Pregnancy Ctr., Inc., 334 F.3d 390, 396 (4th Cir. 2003).  If the trial court decides the issue without an evidentiary hearing, however, then "the plaintiff need only make a prima facie case of personal jurisdiction."  Id.  "In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor."  Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993).

**III. Discussion**

A federal district court may exercise personal jurisdiction over a defendant who is not a resident based on diversity grounds when "(1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process." Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1999 (4th Cir. 1993).  Therefore, a personal jurisdiction inquiry requires both a statutory and constitutional assessment.

Maryland's long-arm statute provides that a court may exercise personal jurisdiction over a non-resident defendant who, directly or by agent:

> (1)  Transacts any business or performs any character of work or service in the State;
>
> (2)  Contracts to supply goods, food, services, or manufactured products in the State;
>
> (3)  Causes tortious injury in the State by an act or omission in the State;
>
> (4)  Causes tortious injury in the State or outside of the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
>
> (5)  Has an interest in, uses, or possesses real property in the State; or
>
> (6)  Contracts to insure or act as a surety for, or on, any person, property, risk, contract, obligation or agreement located, executed, or to be performed

>    within the State at the time the contract is made,
>    unless the parties otherwise provide in writing.

Md. Code Ann., Cts. & Jud. Proc. § 6-103(b).  Maryland courts have consistently indicated that Maryland's long arm statute is coterminous with the due process limitation on personal jurisdiction because "it was the intent of the Legislature in enacting the long-arm statute to expand the personal jurisdiction of the courts to the extent permitted by the Fourteenth Amendment."  Mohamed v. Michael, 370 A.2d 551, 553 (Md. 1977).  Thus, the statutory and constitutional inquiries merge into one.  Carefirst, 334 F.3d at 396.

In order to ensure due process, an exercise of jurisdiction must be premised on "'minimum contacts' with the forum, such that to require the defendant to defend its interests in that state 'does not offend traditional notions of fair play and substantial justice.'"  Carefirst, 334 F.3d at 397 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  Courts may exercise either general or specific jurisdiction. General jurisdiction may exist over a non-resident defendant when the contacts with the state are unrelated to the cause of action only if the contacts are "continuous and systematic."  Id.  For specific jurisdiction, if the contacts with the state form the basis of the underlying lawsuit, the court must "consider (1) the extent to which the defendant has purposefully availed

5

itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002)).

Here, Cooper Tire asserts that Third-Party Defendants are subject to this Court's jurisdiction under subsections (b)(2) and (b)(4) of the Maryland long-arm statute. It is unclear whether Cooper Tire intends to allege specific jurisdiction only, or also general jurisdiction. See generally Congressional Bank v. Potomac Educ. Foundation, Inc., No. PWG-13-889, 2014 WL 347632, at *5 & n.5 (D. Md. Jan. 30, 2014) (noting that some judges have found subsection (b)(4) to "have the attributes of general jurisdiction" and compiling cases). Compare Mycosafe Diagnostics GMBH v. Life Techs. Corp., No. DKC-12-2842, 2013 WL 145893, at *4-5 (D. Md. Jan. 11, 2013) (noting that "[s]ubsection (b)(4) has been construed by the Maryland courts as a general jurisdiction statute") with Metro. Reg'l Inf. Sys. V. Am. Home Realty Network, Inc., 888 F. Supp. 2d 691, 698 (D. Md. 2012) ("Establishing a 'persistent course of conduct' under section 6-103(b)(4) is 'not tantamount to establishing general jurisdiction . . . .'" (quotations omitted)). Regardless of the type of jurisdiction asserted, however, the Court nonetheless

6

finds Third-Party Defendants' contacts with the state of Maryland insufficient to warrant exercise of personal jurisdiction. See Kortobi v. Kass, 978 A.2d 247, 257 (Md. 2009) (noting that "the defendant must maintain sufficient minimum contacts with the forum such that the exercise of jurisdiction meets the 'general test of essential fairness'") (citing Republic Props. Corp. v. Mission W. Props., LP, 895 A.2d 1005, 1022 (Md. 2006)).

### A. Third-Party Defendant Abdul Rahman Does Not Have Sufficient Minimum Contacts with Maryland

Third-Party Defendant Rahman is a resident of California. Prior to the accident he resided in New York, Illinois, and the island of St. Kitts. There is nothing in the record to suggest that Rahman lived in Maryland prior to the accident. Rahman Dep. 6:15-10:11, Oct. 24, 2013, ECF No. 44. Following the accident, Rahman traveled a great deal in order to obtain work. In fact, he lived in a friend's apartment in Rockville, Maryland for approximately six months from late 2009 to 2010, and applied for employment in Maryland during that time. Id. Following the initiation of this action, Rahman settled with Plaintiff Janjua in a release tendered in Maryland, relinquishing him of any liability in exchange for a settlement. Janjua Release, Feb. 7, 2012, ECF No. 46-6.

Cooper Tire argues that jurisdiction is permitted over Rahman under Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(4). Section 6-103(b)(4) provides that a state may exercise specific jurisdiction over a person who commits an out-of-state act causing tortious injury if he "regularly does or solicits business, [or] engages in any other persistent course of conduct in the State . . . ." In support, Cooper Tire cites Rahman's temporary stay in Maryland following the accident, noting that he purchased groceries, applied to one job, and "conduct[ed] day-to-day business in Maryland" during that time. ECF No. 46 at 7. Additionally, Cooper Tire argues that Rahman's settlement agreement initiated with Plaintiff in Maryland adds to his persistent course of conduct in the State. Id.

As a preliminary matter, "[w]hether general or specific jurisdiction is sought, a defendant's 'contacts' with a forum state are measured as of the time the claim arose." Hardnett v. Duquesne Univ., 897 F. Supp. 920, 923 (D. Md. 1995). See also Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 913 (9th Cir. 1990) ("Only contacts occurring prior to the event causing the litigation may be considered."). Here, it is undisputed that the accident occurred in Illinois on August 25, 2009. Therefore, it is irrelevant to the minimum contacts analysis that Rahman later resided in Maryland. Cooper Tire also cites the release executed by Plaintiff dropping all claims

8

against both Rahman and Rana.  Although the settlement required court appearances and resulted in a contract implemented in Maryland, because the release was negotiated and signed on February 7, 2012 — over two years after the accident — the settlement cannot serve as a contact for jurisdictional purposes.  <u>See</u> Janjua Release, ECF No. 46-6.

While Rahman may have committed an out-of-state act by driving the van and participating in the accident, there is no basis to conclude that he even occasionally conducted or solicited business, or engaged in any course of conduct in Maryland at the time the accident occurred.  Before the accident, Rahman had never worked, engaged in business, or traveled in Maryland.  He neither owned real property nor a vehicle there.  Rahman Dep. 61:2-63:7.  Cooper Tire does not point to anything else in the record to support its argument that Rahman has minimum contacts with the State.  Thus, the record confirms that there is no basis for jurisdiction under Subsection (b)(4) of Maryland's long arm-statute.

Alternatively, Cooper Tire argues this Court may exercise jurisdiction pursuant to Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(2), which permits the exercise of personal jurisdiction over a defendant who "contracts to supply goods, services, or manufactured products in the state."  Cooper Tire proposes that Rahman was participating in a joint venture with the Plaintiff

9

to transport him to Maryland in exchange for payment in the form of gas money, and as such Rahman contracted to perform a service in the state of Maryland.  Both Rahman and the Plaintiff deny that any exchange of money occurred and contend the agreement was not a venture, but rather a travel plan resulting from an informal conversation amongst friends.  Khurrum Janjua Dep. 43:1-3, Aug. 21, 2013, ECF No. 46;  Rahman Dep. 34:21-23.

The Fourth Circuit has held that mere arrangement of transportation is insufficient to confer personal jurisdiction over a non-resident defendant.  O'Neal v. Hicks Brokerage Co., 537 F.2d 1266, 1268 (4th Cir. 1976).  In O'Neal, the plaintiff attempted to bring a personal injury lawsuit against a brokerage company, Hicks, in South Carolina.  The suit arose from a trucking accident that took place in North Carolina between O'Neal and a truck hired by Hicks to transport cotton.  Hicks maintained a principal place of business in Mississippi.  Id.  The plaintiff argued that the transactions conducted in Mississippi by Hicks that ordered the transportation of goods in South Carolina were sufficient to establish minimum contacts with South Carolina.  Id.  The court disagreed, ruling that no personal jurisdiction existed in South Carolina because "Hicks has never operated or established its presence in South Carolina."  Id.  It noted that the "sole thread linking Hicks to South Carolina [was] arranging for the transportation of cotton

to South Carolina" and thus, the contacts were too attenuated. Id. Likewise here, the only thing connecting Rahman to Maryland is the alleged one time agreement to transport Janjua to Maryland. Rahman is not a Maryland resident and the accident occurred in Illinois. Something more is required to permit a state to reach out to a non-resident defendant. The supposed venture is too tenuous to permit this Court to exercise jurisdiction over Rahman.

B. **Third-Party Defendant Bushra Rana Does Not Have Sufficient Minimum Contacts**

Bushra Rana, the owner of the vehicle, has been a resident of Virginia for over a decade, "which includes the entire time that [she] owned the van that was involved in the underlying accident in Illinois." Rana Aff. 1., May 10, 2013, ECF No. 44. She works as a medical physicist consultant for Team Net Medical LLC, which maintains a principal place of business in Virginia. The company provides services to local hospitals and has never done any business in Maryland. Rana Dep. 13:20-16:8, Aug. 20, 2013, ECF No. 44. Rana has never owned property, solicited business, or vacationed in Maryland. Rana Dep. 86:15-88:8. Prior to the accident, Rana estimates that she drove through Maryland to travel to New York roughly twice a year. Rana Dep. 81:19-82:1. Beginning in 2010, she engaged in more frequent travel to New York through Maryland, but never conducted any

11

routine travel through Maryland before that time. Rana Dep. 79:17-81:19. Following the accident, she received a series of medical treatments from Johns Hopkins medical facility in Baltimore, Maryland beginning in 2012. Rana Dep. 83:13-86:11. Additionally in 2012, she entered into a release agreement with Plaintiff executed in Maryland. ECF No. 46. Finally, she visited Third-Party Defendant Rahman once during the time he was residing in Maryland following the accident. Rana Dep. 82:10-17.

Cooper Tire contends that Third-Party Defendant Rana's contacts with Maryland satisfy Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(4) because her contacts constitute a regular or persistent course of conduct or business in Maryland. As noted supra, the Court may only consider contacts existing at the time of the accident. See Hardnett v. Duquesne Univ., 897 F. Supp. 820, 923 (D. Md. 1995). Therefore, as stated above, Rana's participation with Abdul Rahman in the settlement agreement with the Plaintiff in Maryland is irrelevant. Similarly, her numerous visits to obtain medical treatment from Johns Hopkins cannot be considered. Rana did not receive her first of the series of approximately a dozen treatments until the fall of 2012. Similarly, the Court cannot consider travel through Maryland that occurred after the accident in 2009.

The only contacts Cooper Tire cites that occurred prior to the accident are Rana's infrequent trips passing through Maryland on her way to New York. It is well-established that driving through a state cannot constitute minimum contacts to permit personal jurisdiction. 4A C. Wright & K. Graham, Federal Practice and Procedure 3D § 1069.5, pp. 205 (1977) (citing Witt v. Scully, 539 F.2d 950 (3d Cir. 1976) ("Spasmodic trips to Pennsylvania by the defendant nonresident... do not constitute 'doing business' with Pennsylvania for the purposes of the Pennsylvania long-arm statute so as to confer jurisdiction."). As such, Rana's proximity to Baltimore and occasional trips on the interstate through Maryland are insufficient to allow this Court to exert jurisdiction over her.

## IV. Conclusion

It is well established that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 252 (1958). The Third-Party Defendants' actions in this case do not amount to adequate, purposeful acts to enjoy the benefits provided by the state of Maryland. In light of the foregoing discussion, the Court cannot find that the Third-Party Defendants have created minimum contacts with the state of Maryland so as to permit the

exercise of personal jurisdiction.  As a result, because the contacts in this case are too attenuated to establish jurisdiction, "the fairness required by due process would be abrogated" if the Court permitted jurisdiction in this case. O'Neal, 537 F.2d at 1268.

For the above stated reasons, the Court will grant the Renewed Motion to Dismiss.  A separate Order shall issue.

                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge

DATED: June 19, 2014