IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KHURRAM JANJUA                    *
                                  *
v.                                *      Civil Action No. WMN-12-2652
                                  *
COOPER TIRE & RUBBER              *
COMPANY <u>et al.</u>            *
                                  *
                                  *
                                  *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## <u>MEMORANDUM AND ORDER</u>

Before the Court is Plaintiff Khurram Janjua's "Motion for
Summary Judgment as to Seatbelt Defense."  ECF No. 67.  The
motion is fully briefed and ripe for review.  Upon a review of
the papers, facts, and applicable law, the Court determines that
no hearing is necessary, Local Rule 105.6, and that Mr. Janjua's
motion will be granted in part and denied in part.

Mr. Janjua brings this products liability action arising
from an accident that occurred in Illinois, when a tire exploded
on the Dodge Caravan in which Mr. Janjua was a passenger.  Mr.
Janjua contends that the tire, which was manufactured by
defendant Cooper Tire & Rubber Company (Cooper Tire), was
defective and was the cause of his severe and permanent
injuries, including broken bones and extensive burns.  At the
time of the accident, Mr. Janjua was sitting in the second row
of the three row van, between two other passengers.  It is

undisputed that the second row of the van is designed for two passengers, with two seating areas with seat belts.  None of the passengers seated in this row were wearing seat belts.  The back tire exploded, the driver lost control of the car and hit a tree, and the van rolled one and a half times to come to a rest upside down.  During the accident, Mr. Janjua and the other passengers in the second row were ejected from the van and Mr. Janjua came to rest on the van's undercarriage.  As a result, Mr. Janjua suffered broken bones and severe burns.

The parties are in the process of discovery, and Mr. Janjua filed this motion after receiving a report from Cooper Tire of two biomedical experts asserting that Mr. Janjua's injuries were exacerbated because he was not wearing a seat belt at the time of the accident.  Mr. Janjua's motion requests that this Court "dismiss [Cooper Tire's] assertion of the seat belt defense," ECF No. 67-1 at 2, and bar Cooper Tire "from attempting to inject any seat belt evidence into this case."  Id. at 7.

Rule 56 of the Federal Rules of Civil Procedure requires a movant to "identify each claim or defense – or the part of each claim or defense – on which summary judgment is sought."  As Cooper Tire points out, it has raised defenses of superseding cause, misuse of products, lack of causal relation, contributory or comparative negligence, failure to mitigate, assumption of the risk, and failure to use proper restraints but nothing

styled as a "seat belt defense" as construed by Mr. Janjua.  A review of Mr. Janjua's motion demonstrates that he is not seeking summary judgment in relation to a factual issue, but rather he is seeking a ruling excluding all evidence relating to seat belts in any form.  ECF 67-1 at 7.  As such, Mr. Janjua's motion is more properly considered as a motion in limine rather than a motion for summary judgment.  See Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."); Monge v. Portofino Restaurant, 751 F. Supp. 2d 789, 791 n. 1 (D. Md. 2010) (noting that the Court does not exalt form over substance in considering motions filed by parties).

Against this motion in limine, Cooper Tire argues that Mr. Janjua's motion is prohibitively broad, and if granted, would practically exclude mention that a van was involved in an accident.  Cooper Tire argues that prohibiting use of any evidence that may implicate Mr. Janjua's seat belt non-use will hamper its ability to defend itself by demonstrating that Mr. Janjua decided "to sit in a place not intended for an occupant" thus placing himself at risk.  ECF No. 70 at 11.  Although Mr. Janjua requests an extremely broad prohibition that the court is disinclined to grant, the law of Illinois provides articulated boundaries as to what Cooper Tire may or may not refer to in

3

defending itself in the instant action.  It is clear from these boundaries that there are opinions and matters in Cooper Tire's expert report by Mr. Wheeler and Mr. Stovik, ECF No. 70-6, that would be inadmissible.  Other evidence that may implicate seat belt usage requires a delicate balance between complying with Illinois law and establishing relevant and probative facts.  The admissibility of such evidence will be considered as it arises at trial or is ruled on in any future in limine motion.

"A federal court sitting in diversity applies the choice of law rules of the state in which it sits." Chubb & Son v. C&C Complete Services, LLC, 919 F. Supp. 2d 666, 673 (D. Md. 2013). In actions sounding in tort law, Maryland employs the principle of lex loci delicti from the First Restatement of Conflict of Laws, which requires the Court to apply the law of the place of the harm.  Wells v. Liddy, 186 F.3d 505, 522 (4th Cir. 1999). Under lex loci delicti, the "place of the harm is defined as the state where the last event necessary to make an actor liable for an alleged tort takes place."  Id.  Here, as the allegedly defective tire exploded in Illinois, which Plaintiff claims was the cause of his injuries, Illinois law will apply.

Mr. Janjua cites to an Illinois statute stating that "[f]ailure to wear a seat safety belt in violation of this Section shall not be considered evidence of negligence, shall not limit the liability of an insurer, and shall not diminish

any recovery for damages arising out of the ownership,

maintenance, or operation of a motor vehicle."  625 ILCS 5/12-

603.1(c).  This law is meant to codify the common law provision

articulated in Clarkson v. Wright that "evidence of failure to

wear a seat belt should not be admitted with respect to either

the question of liability or damages."  483 N.E.2d 268, 270

(Ill. 1985); See also Bonney v. CRST Malone, Inc., No. 06-CV-

345-WDS, 2007 WL 1500206 (S.D. Ill. May 21, 2007) ("[A]fter the

Illinois Supreme Court articulated this rule in Clarkson, the

Illinois General Assembly codified it in its Vehicle Code.").

Cooper Tire notes, correctly, that when the accident

occurred, in 2009, only drivers and front seat passengers were

obligated to wear a seat belt and, as such, the statute does not

apply to Mr. Janjua as a second row passenger.  See Walsh v.

Emergency One, Inc., No. 89-C-9402, 1992 WL 180134, at *3 (N.D.

Ill. July 20, 1992) (Section 12-603.1(c) "only refers to the use

of seat belts by drivers and front seat passengers. . . .

Because [plaintiff] is not alleged to have violated the section,

the qualifier cannot be applicable.").  The statute, as amended

in 2012, now requires all passengers to wear a seat belt.

Although the operative statute at the time of the accident

does not make Mr. Janjua's conduct illegal and thus perhaps not

technically covered by the statutory prohibition against

admissibility, Section 12-603.1 did not supersede the common law

prohibition against admitting evidence of a lack of seat belt by a back seat passenger plaintiff.  <u>See</u> <u>Cimaglia v. Union Pacific R.R. Co.</u>, No. 06-3084, 2009 WL 499287, at *3 (C.D. Ill. Feb. 25, 2009) ("[W]hile [Section 12-603.1] does not apply to backseat passengers riding with drivers over the age of 18, the Illinois Supreme Court has held that absent a statutory duty to wear a seatbelt, evidence of seatbelt nonuse is inadmissible to prove either liability or damages.  Therefore, defendant may not introduce evidence that any of the occupants of the minivan wore a seatbelt unless it first makes an offer of proof . . . that its evidence of seatbelt use goes to some relevant issue.") (citing <u>Clarkson</u>, 483 N.E.2d at 270).

Therefore, Illinois law prohibits the reference to seat belt use when sought as evidence to establish a plaintiff's comparative fault or reduce his damages, even if the plaintiff is a backseat passenger.  Evidence involving seat belts, however, is not automatically excluded by the law when offered for purposes other than those articulated by Section 12-603.1(c), such as to demonstrate the design of the vehicle.  <u>See</u> <u>Bachman v. General Motors Corp.</u>, 776 N.E. 2d 262, 297 (holding that Section 12-603.1(c) "does not preclude all seat-belt evidence, but only evidence of nonuse in determining whether the person was negligent in failing to utilize the vehicle's seat-belt system").

Cooper Tire casts much of the evidence in question as that which tends to prove that Mr. Janjua decided "to sit in a place not intended for a passenger." ECF No. 70 at 10. Cooper Tire further posits that this decision is inextricably linked with Ms. Janjua's injuries and any such evidence is relevant to the action at hand. The expert report of Mr. Wheeler and Mr. Stovik, ECF No. 70-6, however, does not attribute Janjua's injuries to his decision to sit in a place not intended for an occupant. Instead, the report explicitly draws a connection between Mr. Janjua's seat belt use and his injuries, finding that "[i]f Mr. Janjua was properly restrained wearing the available and functional seat belt and restraint in position 5 . . . the [serious and severe] injuries would not have occurred." ECF No. 70-6 at 6. This analysis and potential testimony is plainly the type that is intended to be barred from a jury when considering the issue of negligence. It explicitly establishes that Mr. Janjua's failure to wear a seat belt was the proximate cause of his injuries and such opinion could be used to make the existence of negligence on Mr. Janjua's part more likely. Such testimony is inadmissible under Illinois law to prove a plaintiff's negligence and this opinion testimony will not be admitted.

Therefore, the Court will grant in part and deny in part Mr. Janjua's motion in limine. Reference to Mr. Janjua's

decision not to wear a seat belt must be excluded when the purpose of the testimony in question is to establish Plaintiff's negligence or comparative fault or reducing his damages. Harnischfeger Corp. v. Gleason Crane Rentals, Inc., 585 N.E.2d 166, 175 (Ill. App. Ct. 1991) ("[T]he legislature has made a judgment as to the plaintiff's duty to wear a seat belt by providing that the failure to do so cannot be considered either as evidence of contributory negligence or in diminution of damages."). Mr. Janjua worries that allowing Cooper Tire to admit evidence that implicates seat belt non-use, such as his position in the van or his trajectory when he was ejected from the van, is tantamount to "introduc[ing] seat belt evidence through the backdoor." ECF No. 72 at 2. Mr. Janjua cites to Kassela v. Stonitsch, 373 N.E.2d 608 (Ill. App. Ct. 1978) to support the proposition that Illinois has barred the backdoor introduction of seat belt evidence. While the Illinois Appellate Court did prohibit the use of otherwise impermissible seat belt evidence to impeach a witness, the Court did not address whether evidence that gives rise to an inference of seat belt non-use was also barred. Id. at 612. To the extent that Courts have considered this particular issue under Illinois law, such evidence has not been categorically prohibited. See DePaepe v. General Motors Corp., 33 F.3d 737, 745 (7th Cir. 1994) (affirming the district court's limited admission of a

restraining system when such evidence was offered for reasons not relating to plaintiff's negligence or damages).

As such, evidence that may lead to the inference that Mr. Janjua was not wearing a seat belt is not automatically excluded but must be taken up on a case by case basis at trial.

Accordingly, it is this 2nd of February, 2015, Ordered that:

(1)   Plaintiff Khurram Janjua's Motion for Summary Judgment, ECF No. 67, is GRANTED IN PART and DENIED IN PART IN PART; in that

   a. Opinions expressed in the expert reports of Defendant Cooper Tire & Rubber Company are inadmissible to the extent that they are offered as evidence of negligence or for the purpose or reducing damages; and

   b. The Motion is otherwise denied.

(2)   The Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge